Asa H. ASHER, Jr., et al., Appellants,

v.

Melvin LAIRD, Secretary of Defense.

No. 71–1617.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 26, 1972.

Decided Feb. 5, 1973.

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1970).

Mattaniah Eytan, Washington, D. C., for appellants. Julius Kaplan, Washington, D. C., also entered an appearance for appellants.

Anthony J. Steinmeyer, Atty., Department of Justice, with whom L. Patrick Gray, III, Asst. Atty. Gen., at the time the brief was filed, Harold H. Titus, Jr., U. S. Atty., and Alan S. Rosenthal, Atty., Department of Justice, were on the brief, for appellee.

Before DANAHER, Senior Circuit Judge, and MacKINNON and ROBB, Circuit Judges.

PER CURIAM:

The appellants in this action are thirteen United States civilians formerly employed in South Vietnam by a U.S. Army contractor. The United States Military Assistance Command, Vietnam (MACV) determined that each employee, while in Vietnam, had violated certain regulations restricting the use of personal checks payable in U.S. dollars.[1] Following an administrative hearing, MACV declared the employees unacceptable for employment in South Vietnam by the United States Government or under Government-financed contracts.[2] In addition, MACV withdrew the employees' military-related privileges.[3]

Appellants in this action are seeking to set aside the MACV order after ex-

---

1. Specifically, appellants were found to have violated MACV Directive 37-6 which provides in pertinent part:

   Except as provided in this section or otherwise authorized in writing by COMUSMACV, the possession, delivery and/or use of US Currency and/or dollar instruments in the RVN is expressly prohibited.

   .    .    .    .    .

   Personnel authorized MPC, official agencies and instrumentalities and US Government contractors are prohibited from delivering US currency or dollar instruments to any individual in the RVN, regardless of the individual's status, except as specifically authorized by this or other MACV directives.
   Defendant's Exhibit G; App. 7. Appellants were found to have issued dollar instruments to one Edwards inside the Republic of Vietnam.

2. Plaintiffs' Exhibit G; App. 40-42.

3. Appellants sought a temporary restraining order and preliminary injunction which Judge Hart, after a hearing in the District Court, denied on March 12, 1971.

hausting MACV appeal procedures.[4] The Secretary of Defense, the Secretaries of the Army, Navy and Air Force, and three U.S. military officers are named as parties defendant. The District Court denied the employees' motion for a preliminary injunction which would have restored them to an acceptable employment status while this litigation is pending. The District Court seemed to rest its decision principally on the failure of the appellants to demonstrate a substantial likelihood of succeeding on the merits.[5] It is from this denial of a preliminary injunction that this appeal is taken.

■ The granting of such extraordinary relief is a matter of the trial court's discretion as guided by a standard consisting of the following familiar factors: (1) Has the plaintiff made a strong showing that it is likely to prevail on the merits of its appeal?; (2) Has the plaintiff shown that without such relief it will be irreparably injured?; (3) Would the issuance of the injunction substantially harm other parties interested in the proceedings?; (4) Where lies the public interest? Virginia Petroleum Jobbers Ass'n v. F.P.C., 104 U.S.App.D.C. 106, 110, 259 F.2d 921 (1958).

■ We find no error in Judge Hart's denial of the appellants' motion for preliminary injunction. His July 28, 1971 order recites his determination that the appellants had "failed to demonstrate the likelihood of success on the merits of this litigation." His order was supported by explicit findings of fact which we have appended to this opinion for a more complete understanding of the nature of the appellants' claims. Specifically let it be noted that each employee had agreed in his employment contract to abide by the MACV directive and the Government's agreement with the contractor-employer required dismissal of any employee found

to be engaging in currency violations. While appellants raise many objections to this analysis and other aspects of the MACV's actions, we express no opinion on the merits of this dispute other than to conclude that the trial court did not abuse its discretion in determining that appellants did not adequately demonstrate a substantial likelihood of success for purposes of an inquiry into the propriety of a preliminary injunction.

Even had appellants demonstrated such a likelihood, there has been no showing on the other three elements of the above test. There is no irreparable harm threatened here since appellants can receive full redress in the action for back pay and reinstatement of· their prior employment status. There also seems to be little point in granting a preliminary injunction which could possibly be interpreted as casting doubts upon the integrity of the MACV's regulations. Finally, the valid public interest in a policy of strict governmental regulation of currency and international black marketeering appears to be overwhelming.

For the foregoing reasons, the decision of the District Court denying the preliminary injunction is

Affirmed.

#### APPENDIX

Asa H. Asher, et al.,
Plaintiffs,

v.

Melvin Laird, et al.,
Defendants.

Civil Action No. 538–71

### FINDINGS OF FACT

1. Plaintiffs are thirteen civilians who at all revelant times were employed by a government contractor, Pacific Architects and Engineers (PA&E), to work on a government contract in South Vietnam.

2. Each of the plaintiffs signed an employment contract with PA&E in which he agreed, *inter alia*, that his em-

---

4. The reason for the denial of the relief first sought in the District Court (*see* note 3, *supra*) was that MACV administrative remedies had not been exhausted.

5. Asher v. Laird, Civil No. 538–71 (D.D.C. filed July 28, 1971). (*See* the District Court's Findings of Fact and Conclusions of Law appended to this opinion.)

ployment could be terminated for cause if he violated certain applicable regulations issued by the United States Military Assistance Command, Vietnam, (MACV), specifically including MACV Directive 37–6, regarding Financial Administration—Regulation of Currency.

3. An investigation conducted by military authorities revealed that during the period from June 15, 1970, through August 19, 1970, the plaintiffs drew and delivered in Vietnam to one James Edwards, then an employee of PA&E in Vietnam, their personal checks totaling nineteen in number and in the approximate amount of $4,341.00.

4. These checks drawn by plaintiffs were made payable either to the Crocker Citizens National Bank or to Mr. Edwards and thereafter were deposited in Mr. Edwards' bank account maintained in the Crocker Citizens National Bank, Carmichael, California.

5. MACV Directive 37–6 provides in Paragraph 7a:

> Except as provided in this section or otherwise authorized in writing by COMUSMACV, the possession, delivery and/or use of US currency and/or dollar instruments in the RVN is expressly prohibited.

6. Paragraph 9c of MACV Directive 37–6 provides in pertinent part that:

> Personnel authorized MPC, official agencies and instrumentalities and US Government contractors are prohibited from delivering US currency or dollar instruments to any individual in the RVN, regardless of the individual's status, except as specifically authorized by this or other MACV directives.

7. A dollar instrument is defined in Paragraph 4f of MACV Directive 37–6 so as to include "signed personal checks and other signed checks or drafts which are negotiable in US dollars."

8. In accordance with applicable procedures set forth in MACV Directive 190–13, also applicable to plaintiffs, the plaintiffs were notified on January 30, 1971, that the issuance of their personal checks to Mr. Edwards constituted apparent violations of the provisions of MACV Directive 37–6 and could result in the withdrawal of military sponsored privileges including a declaration that plaintiffs would be unacceptable for employment on government contracts in Vietnam. Each plaintiff was afforded the opportunity to present information to military officials for their consideration.

9. All of the plaintiffs submitted affidavits in which they admitted drawing checks while in Vietnam in favor of Mr. Edwards.

10. On May 16, 1971, it was determined by appropriate officials of MACV that on the basis of the violation of MACV Directive 37–6 the military sponsored privileges would be withdrawn from plaintiffs and that they would be determined to be ineligible for employment in the Republic of Vietnam under U.S. Government financed contracts. Plaintiffs were notified to this effect and were also notified they could appeal the determination under the provisions of MACV Directive 190–13.

11. At the request of plaintiffs' attorney, a consolidated appeal hearing for all the plaintiffs was held on June 21, 1971, before the MACV Appeals Board in Saigon. Plaintiffs were represented by their attorney and documentary evidence was submitted by plaintiffs' attorney and by the Recorder of the Board. None of plaintiffs appeared at the hearing although opportunity was given to them to do so.

12. No live testimony was presented to the Board which was composed of military officers and officials of the American Embassy and the Agency for International Development.

13. After considering all of the evidence and the arguments presented, the Board made a unanimous recommendation that the appeals be denied. That recommendation was approved on June 27, 1971, by General Cowles, Chief of Staff, United States Military Assistance Command, Vietnam.

14. The evidence before the Appeals Board establishes that plaintiffs wrote checks and delivered them in violation of specific provisions of MACV regulations, which regulations were applicable to the plaintiffs.

### CONCLUSIONS OF LAW

1. MACV has authority to promulgate and administer MACV Directive 37–6. This directive is a reasonable regulation of currency matters under the circumstances existing in Vietnam and can properly be applied to United States civilians who are in Vietnam and are working on U.S. Government financed contracts.

2. Military officials have accorded the plaintiffs the full procedural rights provided for in MACV Directive 190–13.

3. Plaintiffs have failed to demonstrate the likelihood of success on the merits of this litigation.

July 28, 1971

s/ George L. Hart, Jr.
United States District Judge