**Christopher C. KUPEC, Plaintiff,**

v.

**ATLANTIC COAST CONFERENCE, and Robert C. James, Commissioner, Defendants.**

**No. C–75–105–D.**

United States District Court, M. D. North Carolina, Durham Division.

July 10, 1975.

---

W. Travis Porter, of Powe, Porter, Alphin & Whichard, P. A., James A. Cole, of Stubbs, Biggs & Cole, Durham, N. C., for plaintiff.

Bynum M. Hunter, of Smith, Moore, Smith, Schell & Hunter, Greensboro, N. C., for defendants.

## ORDER DENYING PRELIMINARY INJUNCTION

HIRAM H. WARD, District Judge.

This cause came on for hearing by the Court on July 8, 1975, in Winston-Salem, North Carolina, on plaintiff's Motion for Preliminary Injunction and defendants' Motion for Partial Judgment on the Pleadings. The parties were notified that the Court would treat defendants' Motion for Partial Judgment on the Pleadings as to Claims numbered 1, 2, 4, 5, 6, 7, and 8 as a Motion for Summary Judgment on those claims. Defendants have also moved for Partial Summary Judgment as to Claim No. 3 and thus the entire merits of the action will be determined pursuant to Rule 56, Federal Rules of Civil Procedure, after the parties have filed materials made pertinent to such a motion and their supplemental briefs.

The Court has carefully considered the pleadings, affidavits, documents, and briefs in this matter, has heard the arguments of counsel, and concludes that plaintiff's Motion for Preliminary Injunction should be denied. Plaintiff seeks to enjoin the defendants "from interferring [sic] in any manner with the right of the Plaintiff to participate in intercollegiate football as a member of the University of North Carolina football team for the 1975 football season."

All parties agree that plaintiff played during the 1971, 1972, and 1974 football seasons and in two games during the

1973 season. Participation in any sport is limited to four years over a consecutive five-year period counting from the date of first matriculation (Atlantic Coast Conference Constitution and By-laws, Art. VIII, Rule 7(a)). The general rule is that if a student participates in any part of a season which runs through more than one semester, quarter, or term, that constitutes a full year of his normal period of eligibility in that sport. (Atlantic Coast Conference Constitution and Bylaws, Art. VIII, Rule 7(b)). An exception to this rule is the "hardship rule,"[1] An interpretation of which is discussed below.

In determining whether a preliminary injunction should be granted or denied the Court must make its decision based on the following four factors:

(1) Whether there is a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted;

(2) Whether the threatened injury to the plaintiff outweighs the threatened harm that the granting of an injunction might do to the defendants;

(3) Whether there is substantial likelihood that plaintiff will prevail on the merits;

(4) Whether the public interest would be promoted by granting or denying the injunction.

*Canal Authority v. Callaway,* 489 F.2d 567 (5th Cir. 1974); *Asher v. Laird,* 154 U.S.App.D.C. 249, 475 F.2d 360 (1973); *Allison v. Froehlke,* 470 F.2d 1123 (5th Cir. 1972); Wright & Miller, Federal Practice and Procedure: Civil § 2948.

(1) Plaintiff contends that he will suffer great injury to his professional football career if the injunction is

denied because another year of eligibility would allow professional football scouts to see him in action once more and thus enable him to be chosen in higher than the fifteenth round draft in which he was selected. It is, however, not a foregone conclusion that even if plaintiff had another good season, he would be chosen for a higher draft. Plaintiff had a season during 1974 that would be the envy of most college quarterbacks but, for some reason, did not rate highly with those individuals in professional football who evaluate college talent. Any injury which the plaintiff might suffer to his professional football career if the injunction is not granted is speculative at best.

Plaintiff further contends that he is irreparably injured since denial of the injunction will foreclose his playing football for the University of North Carolina and that he will thus lose his right to a tuition-free education through the grant-in-aid program. First, it should be noted that plaintiff was given full grant-in-aid benefits during the 1973–74 academic year in which he was injured. Second, plaintiff did not graduate in June 1975 because he failed to turn in an individual project in a botany course and he did not turn in the project simply because he did not want to graduate and lose all chance of playing an extra year of football at the University of North Carolina. The plaintiff has enjoyed the full benefits of a tuition-free education and will graduate as soon as he turns in his botany project. Thus, the Court fails to see that the plaintiff will suffer any injury at all.

(2) As stated previously, any injury which plaintiff might suffer as a result of the denial of his Motion for Preliminary Injunction is either speculative or nonexistent. Nevertheless, even assuming that the plaintiff would some-

---

1. "Hardship" is that incapaciting [sic] condition resulting from injury or illness which prevents a student-athlete from participating in more than one football game or more than three contests in other sports, provided the injury or illness occurred during the first half of the institution's regular schedule in the sport involved. (Atlantic Coast Conference Constitution and Bylaws, Art. VIII, Rule 18).

how be injured, the harm which would be done to the Atlantic Coast Conference (ACC) should the injunction be granted heavily outweighs any injury to the plaintiff. The ACC is a voluntary association of colleges and universities whose goal is basically to regulate university athletics and, hopefully, to keep university athletics from becoming professionalized to the extent that profit making objectives would overshadow educational objectives. In pursuance of its goals, the ACC prescribes standards which must be followed by student athletes and their schools. An injunction would have the effect of usurping the regulatory authority of the ACC and substituting for it the judgment of this Court. Such an action would decrease respect for the ACC's authority and its ability to adequately regulate university sports would thereby be weakened. Thus, the ACC will suffer harm if the injunction is granted far in excess of any harm suffered by the plaintiff if it is not.

(3) The Court, in reviewing the defendants' Motion for Partial Judgment on the Pleadings, has researched the merits of this matter extensively on all eight claims and concludes that the plaintiff is not likely to succeed on the merits. In spite of plaintiff's numerous claims involving 42 U.S.C. § 1983, antitrust, and tortious contract interference, the primary aim of this suit is to get the plaintiff into a University of North Carolina football uniform on August 13, 1975, when the team begins practice.

[3] Plaintiff has argued that the ACC is misinterpreting its own hardship rule and, in doing so, deprives him of due process. In spite of the fact that the rule could be better worded, its clear import is that if an athlete participates in just one game, but injury or illness precludes him from participating in more that that one game, he qualifies for hardship status. On the other hand, if he participates in *more* than one game, he automatically uses up a year of eligibility even though an injury later occurs or illness later sets in. This is the interpretation given the rule by all ACC members since its adoption. As plaintiff's attorney conceded in open court, the plaintiff understood the hardship rule to mean exactly that until he sat down with his attorneys, read the rule, and came up with a new interpretation. At any rate, if the plaintiff relied on the rule at all, at the time he so relied he understood the rule to be that if a student athlete plays in more than one football game, he no longer qualifies for hardship status for that particular year's eligibility. The only fact to be determined in any hardship application is whether the athlete played in more than one game. If he did, the rule is self-executing and nothing more is required. Plaintiff admittedly played in more than one game during the 1973 season and, thus, he exercised a year of eligibility. The fact that the ACC subsequently voted not to change its hardship rule was not, as plaintiff claims, a "hearing" to disqualify him at which he was not present and, therefore, denied due process. The ACC simply enforced its rule with the result that the plaintiff is precluded from playing football at the University of North Carolina during the 1975 season because his years of eligibility have been exhausted. For the above-mentioned reasons, the Court is of the opinion that the plaintiff's likelihood of success is not "substantial" but is indeed minimal.

(4) In spite of plaintiff's claim that the public interest lies in the opportunity to see him play football for the University of North Carolina during the 1975 season, the Court sees little significance in the public interest element in this matter. If the public can be said to have a stake in this controversy at all, that interest would be promoted in the denial of plaintiff's injunction. The ACC will better achieve its laudable goal "to promote intercollegiate athletics, to keep it in proper bounds by making it an incidental and not the principal feature of college and university life, and to regulate it by wise and prudent

measures in order that it may improve the physical condition, strengthen the moral fibre of students, and form a constituent part of that education for which universities and colleges were established and are maintained  .  . " if left free to do so by the courts. This Court would not hesitate to enjoin the ACC from an illegal practice which fell within its jurisdiction. That is not the case here, however, and the public interest would best be served by a denial of the injunction.

For the foregoing reasons, it is hereby ordered that the plaintiff's motion for preliminary injunction be, and the same hereby is, denied.