PPG INDUSTRIES, INC., PLAINTIFF *v.* UNITED STATES: MALCOLM T. BALDRIGE, SECRETARY OF COMMERCE; LIONEL H. OLMER, UNDER SECRETARY FOR INTERNATIONAL TRADE, DEPARTMENT OF COMMERCE, DEFENDANTS

Court No. 81-6-00733

(Dated July 6, 1981)

*Eugene L. Stewart* (*Terence P. Stewart* and *Jeffrey S. Beckington* on the brief) for the plaintiff.

*Stuart E. Schiffer*, Acting Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch (*Francis J. Sailer* on the brief), for the defendants.

LANDIS, *Judge:* In this action plaintiff has filed a summons and complaint, motion for a preliminary injunction, and a proposed order to show cause. Plaintiff seeks to preliminarily enjoin the Department of Commerce from reaching and publishing a final determination based upon the annual review sanctioned by section 751 of the Tariff Act of 1930, as amended (19 U.S.C. § 1675), of an antidumping finding on clear sheet glass from Taiwan. Additionally, plaintiff moves to shorten defendants' time to answer the complaint to ten (10) days after service of the summons.

Plaintiff stresses the urgency of this matter to be the fact that at any time on or after June 20, 1981 defendants can issue a final determination of the annual review of the antidumping order originally published in 1971 (Treasury Decision 71–226, 36 Fed. Reg. 16508). Plaintiff claims it is being denied its right to participate meaningfully in the section 751 review proceedings in that it has been denied a requested discretionary discovery conference and the opportunity to request disclosure of confidential documents pursuant to a protective order.

In denying plaintiff's written request for a discretionary discovery conference before the Commerce Department, said Department stated that there were no facts to discover for the reason that for the period under review there have been no known shipments of the glass to the United States.

Plaintiff maintains that there should be an independent evaluation by Commerce's International Trade Administration (ITA) and that the ITA should not rely upon the Treasury Department's calculations and figures but should make its own assessment even though such assessment would be based upon information covering the period from 1974 to 1976, the last know shipment dates.

Defendants respond to plaintiff's motion for a preliminary injunction opposing it on the grounds that it does not meet the requisite threshold requirements necessary for injunctive relief. Defendants also cross-move to dismiss the action on the grounds that it fails to state a cause of action.

There is currently no temporary restraining order in effect nor has counsel for plaintiff petitioned the court for such relief in this action.

Interim injunctive relief is an extraordinary and drastic remedy which should not be routinely granted unless the movant, by a clear showing, carries the burden of persuasion. *Medical Society of the State of New York* v. *Toia*, 560 F. 2d 535 (2d Cir. 1977); Wright & Miller,

*Federal Practice and Procedure, Civil* § 2948 (1973). Only a viable threat of serious harm which cannot be undone authorizes exercise of a court's equitable power to enjoin before the merits are fully determined. *S. J. Stile Associates Ltd., et al.* v. *Dennis Snyder, et al.* 68 CCPA —, C.A.D. 1261, 646 F. 2d 522 (1981). A preliminary injunction will not issue simply to prevent a mere possibility of injury, even where prospective injury is great. As presently existing, actual threat must be shown. *State of New York* v. *Nuclear Regulatory Commission,* 550 F. 2d 745 (2d Cir. 1977); Wright & Miller, *supra,* § 2948.

Generally, four conditions must be met before an injunction is granted. There must be a threat of immediate irreparable harm; a showing that the public interest would be better served by issuing than by denying the injunction; that there is a likelihood of success on the merits; and that the balance of hardship on the parties favored the party seeking injunctive relief. *S. J. Stile Associates Ltd., et al.* v. *Dennis Snyder, et al., supra; American Air Parcel Forwarding Company, Ltd., A Hong Kong Corporation* v. *United States,* 1 CIT 293, Slip Op. 81–45 (May 15, 1981); *Asher* v. *Laird,* 475 F. 2d 360 (D.C. Cir. 1973).

In examining these four conditions it is generally understood that the basis of injunctive relief in federal courts has always been irreparable harm and inadequacy of legal remedies. *Rondeau* v. *Mosinee Paper Corp.,* 422 U.S. 49 (1975); *Sampson* v. *Murray,* 415 U.S. 61 (1974); *Virginia Petroleum Jobbers Ass'n* v. *FPC* 259 F. 2d 921 (D.C. Cir. 1958).

In the present action plaintiff, in effect, seeks a mandatory injunction whereby the court should issue forthwith an order compelling the ITA to grant plaintiff a disclosure conference before it. However, plaintiff has demonstrated no actual or threatened injury warranting the imposition of an injunction. Apparently there has been no importation of sheet glass from Taiwan for several years nor is there any evidence to show that importation is about to occur and that the existing antidumping duty order will not adequately protect the domestic industry. Again, only a viable threat of serious harm which cannot be undone authorizes exercise of a court's equitable power. *S. J. Stile Associates, Ltd., et al.* v. *Dennis Snyder, et al., supra.* Since this is an application for a mandatory injunction movant is held to an even more stringent burden of proof than under the normal prohibitive type injunction. Wright & Miller, *supra,* § 2948 at 446. Plaintiff has fallen short of meeting either standard of proof.

Plaintiff has failed to meet the most important criteria for obtaining an injunction. It has demonstrated no irreparable injury. In

view of this fact it would be an abuse of this Court's discretion to grant a preliminary injunction.

Accordingly, plaintiff's motion for a preliminary injunction is denied as is plaintiff's motion to shorten defendants' time to answer which is now moot.

As the equitable matter has been determined, the complaint and cross-motion to dismiss the same are hereby continued and the action is referred to the Chief Judge for assignment pursuant to rules 78(b) and 78(c)(4).